# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:17-cr-00074-LJO-SKO |
| Plaintiff, | ORDER ON PENDING DEFENSE MOTIONS |
| v. | |
| TERRY RAY FORD, | |
| Defendant. | |

Although joined, there are four pending motions before the Court, all brought by the Defendant:

1. A motion to file documents under seal;

2. A motion to withdraw as counsel;

3. A motion that the Court find the Defendant indigent; and

4. A motion for current RETAINED defense counsel to be appointed to represent the Defendant pursuant to The Criminal Justice Act.

The motion to file a requested document under seal is GRANTED.

The motion to withdraw as counsel and the motion for the Court to find that the Defendant is indigent are motions that are dependent on Defendant filling a <u>detailed</u> declaration declaring net assets and income. No such document has been filed or provided to the Court. Accordingly, these motions are DENIED without prejudice.

The last motion is for appointment of presently retained counsel pursuant to the Criminal Justice Act. That motion is CONTINGENTLY DENIED, contingent on whether or not motions 3 and 4 are

granted. Should they ultimately not be granted, motion 4 would be moot. The reasons for the contingent denial are as follows: The request is a weighing and balancing matter. On the one side is the balancing of the attorney-client continuity and efficiency, while on the other side is the structural systematic concern of attorney manipulation and the creation of a precedent allowing defendants with adequate resources to select their own retained counsel, and ultimately their appointed counsel as well. In the instant case, the defendant and the current defense counsel entered into an agreement for representation that intentionally excluded trial. Once the trial date is set, the instant motion to allow retained counsel to remain on as appointed counsel was made. Granting such a motion would set a precedent to allow a defendant to retain his own lawyer, claim indigence, and then select his own lawyer to be paid by the taxpayers. This is not how the system works.

  The Court also notes that defense counsel has made a grossly false statement that the matters in this case are "some of the most complicated in the history of the district," something that perhaps charitably can be explained by the inexperience of counsel in Federal Court.

IT IS SO ORDERED.

  Dated:  **April 12, 2018**      /s/ Lawrence J. O'Neill
                   UNITED STATES CHIEF DISTRICT JUDGE