UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff<br><br>　　　　v.<br><br>TERRY RAY FORD,<br><br>　　　　　Defendant | CASE NO. 1:17-CR-0074 AWI SKO<br><br>ORDER RE: DEFEDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br><br>(Docs. 80 and 86) |

## I. Background

On April 1, 2019, Defendant Terry Ray Ford pled guilty to one count of 18 U.S.C. § 21 U.S.C. §§ 846 and 841(a)(1) conspiracy to distribute and possession with intent to distribute Dibutylone JCA and alpha-PHP. He was sentenced to 48 months imprisonment and 36 months of supervised release. Defendant's projected release date is March 17, 2023. He is currently housed at USP Lompoc.

Defendant sent written requests for compassionate release to the warden of FCC Lompoc (which comprises of both USP and FCI Lompoc) on April 9, May 23, and June 16, 2020. Doc. 80-1, Exs. A-C. His last request was marked received on June 18, 2020 by the warden's office. His cited medical conditions are his pre-diabetic status, social anxiety, and depression. His request was denied on August 11, 2020. Doc. 80-1, Ex. C. Meanwhile, Defendant tested positive for COVID-19 on June 25, 2020. Doc. 80-1, Ex. D. He remained asymptomatic and has subsequently tested negative for the disease. Defendant is 48 years old.

///

///

## II. Legal Standard

Criminal defendants are empowered to request compassionate release for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Specifically, in relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances…defendants must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595; see also Alam, 960 F.3d at 833-34. Further, in addition to demonstrating "extraordinary and compelling circumstances," a prisoner must also show that he is no longer a danger to a specific person or the community. See United States v. Jones, 2020 U.S. Dist. LEXIS 144010, *8-*9 (N.D. Cal. Aug. 10, 2020); United States v. Dailey, 2020 U.S. Dist. LEXIS 139977, *3-*4 (E.D. Cal. Aug. 5, 2020); United States v. Pickard, 2020 U.S. Dist. LEXIS 130578, *15 (E.D. Cal. July 22, 2020). "The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction." United States v. Greenhut, 2020 U.S. Dist. LEXIS 17139, *3 (C.D. Cal. Jan. 31, 2020), citing United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998).

## III. Discussion

Defendant has complied with the administrative exhaustion requirement. Defendant

1 received a response from the warden of Lompoc more than 30 days after the warden received
2 Defendant's request for compassionate release.  Under these circumstances, § 3582(c)(1)(A)'s
3 "limited futility exception" applies.  See United States v. Gonzalez, 2020 U.S. Dist. LEXIS
4 196912, *5 (E.D. Cal. Oct. 22, 2020).

5  On the merits Defendant must demonstrate both extraordinary and compelling
6 circumstances and a lack of danger.  Defendant's assertions regarding those circumstances is that
7 he is particularly susceptible to becoming seriously ill from COVID-19 due to his "social anxiety
8 disorder and depression." Doc. 81, 10-3.  Before his incarceration, Defendant took the
9 antidepressant Nardil (phenelzine).  At Lompoc, he has not been able to receive Nardil.
10 Nevertheless, when he was seen by a doctor on July 20, 2020 Defendant stated that he was willing
11 to try anti-depressants and that he was anxious but not suicidal. Doc. 80-1, Ex. D.  The Plaintiff
12 points out that "The CDC does not identify social anxiety disorder or depression as being a risk for
13 severe illness or death from COVID-19. Doc 81, 8:26-28, citations omitted.  There is no consensus
14 that depression and social anxiety aggravate the severity of COVID-19. See United States v
15 Wilhite, 2020 U.S. Dist. LEXIS 139991, *3 n.1 (E.D. Cal. Aug. 4, 2020); United States v.
16 Inzunza, 2020 U.S. Dist. LEXIS 130216, *9 (D. Ariz. July 21, 2020).

17  In his letter to the warden, Defendant had argued that his pre-diabetic status was also an
18 underlying health risk.  As another court noted, while having diabetes is a risk factor for becoming
19 severely ill from COVID-19, being pre-diabetic does not appear to carry the same risks. United
20 States v. Ware, 2020 U.S. Dist. LEXIS 119316, *3 (D. Nev. July 8, 2020).

21  Defendant has already tested positive for COVID-19 and recovered without suffering any
22 symptoms.  While reinfection appears to be possible, the information regarding reinfection appears
23 to be limited and uncertain, despite the millions of confirmed COVID-19 cases and millions of
24 recoveries that have occurred worldwide.  Courts often find that the risk of a second infection does
25 not constitute sufficiently compelling grounds to justify compassionate release. E.g. United States
26 v. Kapeli, 2020 U.S. Dist. LEXIS 174971, *8 (D. Haw. Sept. 23, 2020); United States v. Risley,
27 2020 U.S. Dist. LEXIS 148078, *16 (E.D. Cal. Aug. 17, 2020); United States v. Billings, 2020
28 U.S. Dist. LEXIS 145819, *10 (D. Col. Aug. 13, 2020); United States v. Antillon, 2020 U.S. Dist.

LEXIS 146253, *5 (D. Utah Aug. 13, 2020); United States v. Poole, 2020 U.S. Dist. LEXIS 144803, *8-9 (D. S.D. Aug. 12, 2020); United States v. Baker, 2020 U.S. Dist. LEXIS 142340, *12-13; United States v. Bowen, 2020 U.S. Dist. LEXIS 144071, *14 (E.D. Cal. Aug. 10, 2020); United States v. Gonzalez, 2020 U.S. Dist. LEXIS 141676, *7-8 (C.D. Cal. Aug. 6, 2020); United States v. Molley, 2020 U.S. Dist. LEXIS 114713, *6-8 (W.D. Wash. June 29, 2020).  The fact that Defendant has been infected in the past is not a basis for finding an extraordinary and compelling circumstance.

As of November 12, 2020, there is only one inmate and one staff member at FCC Lompoc who currently have COVID-19. See https://www.bop.gov/coronavirus/.  At FCC Lompoc, there have been a total of 943 inmates who have become infected with COVID-19; 4 of the inmates died while 939 have recovered. Doc. 81, 5:3-4.  While there was large scale outbreak of the disease, that appears to be over.  Defendant himself is one of the prisoners who has recovered.  Courts within this district have found that, despite the past failure to contain COVID-19 among its inmate population, Lompoc has implemented sufficient protocols such that it is now able to adequately respond, monitor, and care for its inmates. See Poole, 2020 U.S. Dist. LEXIS 144803 at *8; Bowen, 2020 U.S. Dist. LEXIS 144071 at *14-15 (citing United States v. Eddings, 2020 U.S. Dist. LEXIS 90558, 2020 WL 2615029, *2 (E.D. Cal. May 22, 2020) and United States v. Purry, 2020 U.S. Dist. LEXIS 92857 (D. Nev. May 28, 2020)). At this time, Lompoc officials appear to be containing and managing the situation appropriately.

**IV. Order**

Defendant's motion for compassionate release is DENIED.

IT IS SO ORDERED.

Dated:   November 24, 2020                               _____
                                                                          SENIOR DISTRICT JUDGE

4